UNITED STATES v. 420 SACKS OF FLOUR.

(District Court, E. D. Louisiana.   March 29, 1910.)

No. 14,173.

1. COMMERCE (§ 55*)—PURE FOOD AND DRUG ACT—CONSTITUTIONALITY.
     Pure Food and Drug Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S.
   Comp. St. Supp. 1909, p. 1187), prohibiting the transportation of adulter-
   ated and misbranded food in interstate commerce, is not unconstitutional
   as an attempted exercise by Congress of police power belonging to the
   states.
     [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 91; Dec. Dig.
   § 55.*]

2. STATUTES (§ 47*)—PURE FOOD AND DRUG ACT—CERTAINTY.
     Pure Food and Drug Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S.
   Comp. St. Supp. 1909, p. 1187), is not void for uncertainty and indefinite-
   ness, in that no standard of grade, quality, or purity is prescribed, but
   that the determination of the standard is left to the courts, as such ob-
   jection may be obviated by requiring specific and properly drawn pleadings.
     [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 47; Dec. Dig. §
   47.*]

Libel by the United States against 420 Sacks of Flour, claimed by
the Ætna Mill & Elevator Company.   On exception to the libel.   Dis-
missed.

Charlton R. Beattie, for the United States.
A. E. Helm, for claimant.

FOSTER, District Judge.   In this case a libel was filed by the
United States against 420 sacks of flour alleged to have been brought
into Louisiana by interstate shipment from Kansas, in violation of
the pure food and drugs act (Act June 30, 1906, c. 3915, 34 Stat. 768
[U. S. Comp. St. Supp. 1909, p. 1187]).   The Ætna Mill & Elevator
Company has claimed the flour and filed exceptions to the libel on the
following grounds:

"First. That Food and Drugs Act June 30, 1906, under the authority of
which the libelant herein instituted these proceedings, is wholly invalid, un-
constitutional, and void, in that said act in terms and by intendment is in
violation of article 1, section 8, paragraph 3, of the Constitution of the
United States, and is in further violation of so much of article 5 of the amend-
ments to the Constitution of the United States as prescribes that no person
shall be deprived of life, liberty or property without due process of law; and
is further in violation of article 10 of the amendments to the Constitution
of the United States.
"Second. That the said act, known as the Food and Drugs Act of June 30,
1906, is wholly illegal and void by reason of the fact that it is uncertain and
indefinite, and that said uncertainty and indefiniteness apply to the whole
of said law, and particularly in this: That the law itself does not define any
standard of grade, quality, or purity, and in this regard delegates legisla-
tive functions to the court clothed with jurisdiction of cases of a civil or
criminal nature brought under this law."

It is urged by claimant that Congress intended to enact, and in fact
has enacted, a police regulation, and that, having such intention, the
power vested in Congress to regulate interstate commerce is insuffi-

cient to validate the act. I cannot agree with this contention. To my mind it is immaterial what the intention of Congress was, if it had the power to enact the legislation. That it did so have, I consider well settled. In the Lottery Case, 188 U. S. 321, 23 Sup. Ct. 321, 47 L. Ed. 492, the Supreme Court upheld the validity of the law prohibiting the sending of lottery tickets from one state to another, and, reasoning by analogy, it seems perfectly clear that Congress can prohibit the shipment in interstate commerce of food that has been adulterated, or labeled so as to defraud or mislead the public.

The second contention I consider equally without merit. While the act is necessarily broad in its terms, the courts can well protect the rights of parties in each particular case by requiring specific and properly drawn pleadings.

The exceptions must therefore be overruled.